# Third District Court of Appeal
## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1928
Lower Tribunal No. 21-19263
_____

**Richard Meruelo,**
Appellant,

vs.

**Pine Tree Development, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks (Vero Beach), for appellant.

White & Case LLP, and Raoul G. Cantero and David W. Rifkin; Ehrenstein | Sager, and Michael D. Ehrenstein, Latasha N. Johnson, and Brett D. Sager; Rafool, PLLC, and Seth J. Rutman, for appellees.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Richard Meruelo appeals various procedural orders underpinning a partial summary judgment in an action for foreclosure of his former marital home. He argues that the trial court abused its discretion by denying him additional time to discover evidence that would purportedly show a genuine issue of material fact as to the mortgage default date, and thus the amount of damages.

While this appeal was pending, this Court affirmed as to Mr. Meruelo's appeal of the underlying foreclosure judgment, including the foreclosure date. See Meruelo v. Pine Tree Dev., LLC, No. 3D23-0457, 2024 WL 4280619 (Fla. 3d DCA Sep. 25, 2024).

We asked the parties for supplemental briefing to address the impact of the decision in Meruelo on the remaining appeals. Specifically, we asked "whether the affirmance in 3D2023-0457 moots or otherwise resolves the salient legal issues raised" in the remaining appeals. "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect," and "[a] case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992); see also Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985) ("A case becomes moot, for purposes of appeal, where, by a change of circumstances

2

prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief. Mootness can be raised by the appellate court on its own motion." (citation omitted)). "A moot case generally will be dismissed." <u>Godwin</u>, 593 So. 2d at 212.

We have reviewed Mr. Meruelo's arguments and find them to have been sufficiently resolved by our prior affirmance in <u>Meruelo</u>, such that he no longer has any interest which our judgment could affect. Accordingly, this appeal is dismissed as moot. To the extent he may have some residual interest not already resolved by the prior appeal, we affirm any remaining issues without further discussion.

Affirmed in part, dismissed in part.